IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MARQUIS YOUNG** | \* | **CIVIL ACTION NO. 05-0042** |
| **VERSUS** | \* | **JUDGE JAMES** |
| **SCOTT CONSTRUCTION EQUIPMENT CO., LLC** | \* | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss (Doc. # 9) filed by Defendant pursuant to F.R.C.P. Rule 12(b)(5), seeking dismissal for failure to effect service. In the alternative, the Motion seeks dismissal pursuant to F.R.C.P. Rule 12(b)(6) based on prescription. The motion is unopposed[1]. For reasons stated below, it is recommended that the Motion to Dismiss be **GRANTED, and that this matter be dismissed with prejudice in part and without prejudice in part**.

**STATEMENT OF FACTS**

Plaintiff, Marquis Young ("Young"), claims he was illegally and wrongfully discharged "on or about May 20, 2003" by Defendant, Scott Construction Equipment Company, LLC ("Scott"). (Complaint Doc. #1) Plaintiff filed a formal charge of discrimination with the State of Louisiana, the Louisiana Commission on Human Rights ("LCHR") and Equal Employment Opportunity Commission ("EEOC") on October 10, 2003. (Doc. #1) Plaintiff received a

---

[1]The Court notes that Plaintiff is represented by an attorney from New Orleans and that deadlines have been stayed due to Hurricane Katrina. However, Plaintiff was given an extension of time to file a response to Defendant's Motion to Dismiss until 8/25/2005. (Doc. #14). Plaintiff's deadline expired prior to Hurricane Katrina, therefore, the stay is not relevant.

Notice of Right to Sue letter on October 8, 2004. (Doc. #1). On January 10, 2005, Plaintiff filed a complaint with this Court alleging claims of race discrimination under Title VII and § 1981 and state claims of negligence. The record shows that Plaintiff requested a summons be issued on May 11, 2005 and the summons as to Scott was issued on May 13, 2005. Plaintiff did not request a waiver of service.

Defendant claims that he learned of Plaintiff's complaint when a copy was hand-delivered on June 15, 2005. (Memo in Support of Motion to Dismiss Doc. # 9) The copy of the complaint showed a January 10, 2005 file-date stamp. (Doc. # 9) No summons was attached to the complaint. (Doc. # 9) Defendant received the summons on June 30, 2005 when it was faxed to him by a New Orleans investigator that was hired by Plaintiff. (Doc. # 9)

## LAW AND ANALYSIS

**Rule 12(b)(5) - Failure to Effect Service**

Pursuant to F.R.C.P. 12(b)(5), a motion may be dismissed for insufficiency of service of process. *See* F.R.C.P. 12(b)(5). Plaintiff filed this action on January 10, 2005 and was obligated under F.R.C.P. 4(m) to make service of the complaint and summons within 120 days.

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

F.R.C.P. 4(m).

Plaintiff requested a summons be issued as to Defendant on May 11, 2005, 121 days

2

after filing the complaint. The summons was issued on May 13, 2005, 123 days after filing the complaint. In addition, the complaint was delivered to the Defendant, without the summons, on June 15, 2005. Defendant did not receive a copy of the summons until June 30, 2005. Since the Plaintiff has not filed an opposition to the Defendant's Motion to Dismiss, Plaintiff has not provided the court with "good cause" for failure to serve the Defendant within the 120 days. Therefore, this Court recommends that the Motion to Dismiss for insufficiency of service of process be **GRANTED,** and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**. However, as the defendants have asserted other grounds for dismissal which could result in a dismissal with prejudice, those other grounds will be examined below.

**Rule 12(b)(6) - Failure to State a Claim**

Defendant also contends that Plaintiff's complaint should be dismissed because the claims have prescribed. In assessing the merits of a motion to dismiss under F.R.C.P. 12(b)(6), the court must assume that all factual allegations set forth in the complaint are true, and must construe these facts in the light most favorable to the plaintiff. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276 (1991). "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981), *cert. granted, Weyerhaeuser Co. v. Lyman Lamb Co.*, 456 U.S. 971, 102 S.Ct. 2232 (1982), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100 (1983). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference

that the elements exist." *Richards v. City of Weatherford*, 145 F.Supp.2d 786, 789 (N.D. Tex.) *aff'd*, 275 F.3d 46 (5th Cir. 2001), citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990). If a complaint lacks an allegation regarding an essential element to obtain relief, dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Moreover, "conclusory allegations and unwarranted deductions of fact are not admitted as true" for purposes of a motion to dismiss and will not suffice to prevent a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F2d. 278, 281 (5th Cir. 1992), quoting *Associated Builders' Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997).

Title VII

Plaintiff has brought claims of race discrimination under Title VII. Title VII establishes a clear time frame during which a plaintiff must take particular steps to assert claims of employment discrimination. The Fifth Circuit, in *Taylor v. Books A Million*, 296 F.3d 376, 379 (5th Cir. 2002), specifically held that the time frame requirement is a strict one.

> Title VII provides that claimants have ninety days to file a civil action after receipt of such a notice from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir.1982) (citing 42 U.S.C. § 2000e-5(f)(1) (1994). This requirement to file a lawsuit within the ninety-day limitation period is strictly construed. *See Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir.1986); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir.1985). Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *See, e.g., Butler v. Orleans Parish School Board*, No. Civ. A. 00-0845, 2001 WL 1135616 (E.D.La. Sept.25, 2001).

In the present case, Plaintiff's own complaint shows that the she filed suit more than ninety days after receipt of the right-to-sue letter. Plaintiff's complaint states that "Plaintiff

4

*received* a Notice of Right to Sue from the EEOC/LCHR on October 8, 2004." (emphasis added). Plaintiff filed his complaint on January 10, 2005, ninety-four days after receipt of the right-to-sue letter, and is untimely. It is therefore recommended that Plaintiff's claims for race discrimination under Title VII be **DISMISSED WITH PREJUDICE** as untimely.

42 U.S.C. § 1981

Plaintiff also asserts violations under 42 U.S.C. § 1981. Defendant argues that Plaintiff's § 1981 claims are time-barred because Louisiana's one-year prescriptive period governs § 1981 claims. The timeliness of a claim brought under 42 U.S.C. § 1981 is governed by 28 U.S.C. § 1658(a), the federal "catch-all" four-year statute of limitations, but only if the claim "arises under" a federal statute enacted after December 1, 1990, the effective date of Section 1658(a). See *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S.Ct. 1836 (2004). The one-year prescriptive period would apply to claims falling under the pre-1991 revisions to § 1981. Claims falling under the 1991 revisions to § 1981 would have a four-year statute of limitations period. *Jones*, 124 S.Ct. At 1845-46.

The undersigned is unable to determine whether the plaintiff is attempting to assert §1981 violations subject to a one-year or four-year statute of limitations; it is therefore recommended that Plaintiff's § 1981 claims be **DISMISSED WITHOUT PREJUDICE** for failure to effect service, and that the court decline to rule on the timeliness of his §1981 claims on the basis of this record.

Negligence

Plaintiff's final claim is for negligence under Louisiana law. Defendant argues that

5

Plaintiff's negligence claim is barred by statutory immunity and is also time-barred. The complaint is unclear as to the negligence claims, but as Defendant has stated, any negligence action has prescribed. Under Louisiana law, negligence claims are delictual. *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 478 (5th Cir. 2002); La. Civ. Code art. 2315. Delictual actions are subject to a one-year prescriptive period in Louisiana. La. Civ. Code art. 3492. Plaintiff was terminated on May 20, 2003. Plaintiff's negligence claims have prescribed because his complaint was filed January 10, 2005, more than nineteen months after his termination. Assuming that Plaintiff is attempting to argue a discrimination claim under Louisiana law,

> Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

La. R.S. 23:303(D). Even allowing Plaintiff the six month suspension while his matter was under administrative review, his claims have prescribed. Therefore, it is recommended that Plaintiff's negligence claims be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at

the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

      **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 21st day of September, 2005.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE